[Cite as *State v. Hall*, 2018-Ohio-4753.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 17AP-131 |
| v. | : | (C.P.C. No. 15CR-3786) |
| Jalen R. Hall, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 29, 2018

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Valerie B. Swanson,* for appellee. **Argued:** *Valerie B. Swanson.*

**On brief:** *Eric W. Brehm,* for appellant. **Argued:** *Robert J. Beck, Jr.*

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Jalen R. Hall is appealing from his convictions on charges of murder and related felonies. He assigns six errors for our consideration:

> [I.] Mr. Hall's convictions were not supported by sufficient evidence, and they were against the manifest weight of the evidence.
>
> [II.] The trial court erred by denying Mr. Hall's Motion to Suppress [.] The out-of-court identifications were made contrary statute, and in violation of his right to due process of law.
>
> [III.] The trial court erred when the jury was not instructed on the failure to comply with photo lineup procedures in accordance with R.C. 2933.83.

[IV.] The trial court's failure to grant Mr. Hall's request for Ohio Jury Instruction 523.03(A)(8) constitutes reversible error.

[V.] The weapons under disability statute, R.C. 2923.13(A)(2) is unconstitutional and deprived Mr. Hall of his right to due process.

[VI.] The trial court's refusal to allow Anthony Warren to testify as a witness for the defense in front of the jury violated the Compulsory Process Clause of Section 10, Article 1 of the Ohio Constitution.

{¶ 2} Jalen's girlfriend, Alexa S. Curtis, got into a disagreement with neighbors and summoned Jalen to help her deal with the situation. Jalen arrived carrying a firearm.

{¶ 3} Jalen parked his vehicle and met with Alexa, who yelled "get them all." Jalen then approached the house where Charles Mahon lived with family members and began shooting. Charles was struck and died from his wounds.

{¶ 4} Jalen was a regular visitor to the neighborhood to see his girlfriend Alexa and their baby. All the neighbors knew who he was. Therefore this was not a typical eyewitness investigation or eyewitness testimony situation. When police arrived to do an investigation, the neighbors all identified Jalen as the shooter. One neighbor even had a surveillance video of what happened.

{¶ 5} Since there was no doubt about who the shooter was, the trial court judge assigned to the case saw nothing to be gained by conducting an evidentiary hearing in reference to the motion to suppress the identification of Jalen as the shooter. We cannot say that the trial judge erred in failing to conduct a hearing that could not possibly result in the suppression of evidence or change the identification from people who knew Jalen well.

{¶ 6} The second assignment of error is overruled.

{¶ 7} For similar reasons, strict compliance with the photo lineup procedures of R.C. 2933.83 would not have aided in the fact finding process. This case does not involve witnesses who identified someone at a later date under circumstances where a mistake was possible. This was not a situation where police brought pictures of a suspect to witnesses to identify. This is a situation where the witnesses told police the identity of a shooter they knew well.

{¶ 8}  Telling the jury the content of a statute, which really added nothing to the judge's ability to find facts, cannot be considered reversible error.

{¶ 9}  The third assignment of error is overruled.

{¶ 10} Jalen was the shooter who killed Charles Mahon. As to him, there is no issue of complicity. He did not aid or abet another in committing crimes. He committed the crimes as the principal offender. A jury charge on complicity simply had no relevance as to him.

{¶ 11} The fourth assignment of error is overruled.

{¶ 12} The Ohio Weapons under Disability statute, R.C. 2923.13, has recently been upheld as constitutional by the Supreme Court of Ohio. *State v. Carnes,* ___Ohio St.3d.___, 2018-Ohio-3256. We follow that ruling.

{¶ 13} The fifth assignment of error is overruled.

{¶ 14} Anthony Warren was proffered as a potential witness for the defense. Warren informed the court that he was going to invoke his privilege against self-incrimination. The trial court judge verified that Warren would refuse to answer questions asked of him about the shooting. As a result, the judge did not require that he take the witness stand and invoke his privilege against self-incrimination. Placing Warren on the witness stand could generate no admissible evidence and could well have confused the jury or led the jury to speculate about an issue not before them.

{¶ 15} The sixth assignment of error is overruled.

{¶ 16} Jalen was summoned to the neighborhood where his girlfriend lived. The girlfriend approached him, seeing that he was armed with a firearm. She told him to "get them all." He then approached the house where Charles Mahon lived and began shooting at the house and people inside.

{¶ 17} The evidence at the trial really did not provide any basis to argue that anyone but Jalen was the shooter or that he shot with some sort of innocent purpose. The verdicts were supported by sufficient evidence and in accord with the manifest weight of the evidence.

{¶ 18} The first assignment of error is overruled.

{¶ 19} All six assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BRUNNER, J., concurs.
SADLER, J., concurs in judgment only.

————————————